**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                     Civil No. 08-mc-76-SM

Gregg E. Chase

**REPORT AND RECOMMENDATION**

This case involves a petition to enforce an Internal Revenue Service (IRS) Summons brought pursuant to the provisions of 26 U.S.C. §§ 7402(b) and 7604(a).

The summonses were issued to taxpayer Gregg E. Chase seeking to have him testify and produce all documents and records in his possession or control concerning income earned in the years 2000, 2001, 2002, 2005, 2006, and 2007, and records of all assets and liabilities from October 15, 2007 to May 15, 2008. The summonses directed taxpayer to appear on May 21, 2008 at 11:00 a.m. Taxpayer did not appear and has not complied with the summonses. The records sought are not in the possession of the IRS, all administrative steps have been taken, and the taxpayer's testimony and records are necessary to determine tax liability. (Exhibit A attached to Petition to Enforce).

The taxpayer personally appeared pro se in response to the

Order to Show Cause and filed no responsive pleading of any type.

## DISCUSSION

In order to enforce its summons the IRS must show: (1) that the summons was issued for a legitimate purpose; (2) that the information sought may be relevant to that purpose; (3) that the information is not already in the IRS' possession; and (4) that the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964); United States v. LaSalle National Bank, 437 U.S. 298, 313-314 (1978). The IRS generally makes this showing a prima facie case on these four elements through the affidavit or declaration of the agent. United States v. Sancetta, M.D., P.C., 788 F.2d 67, 71 (2nd Cir. 1986); United States v. Garden State National Bank, 607 F.2d 61, 68 (3rd Cir. 1979); United States v. Will, 671 F.2d 963 (6th Cir. 1982).

The burden is then upon the taxpayer to show that the summons is invalid or enforcement would be an abuse of the Court's process. United States v. Powell, 379 U.S. at 58; United States v. LaSalle National Bank, 437 U.S. at 316. The respondent must prove specific facts to support a legally sufficient

rebuttal or defense.  See United States v. KIS, 658 F.2d 526, 536-539 (7th Cir. 1981), cert. denied sub nom., Salkin v. United States, 455 U.S. 1018 (1982).

The taxpayer has not disputed any of the government's prima facie case.  In fact, he does not seek to avoid his taxes but has not produced the requested records.  The government has met its burden.  The defendant has not met his burden.

It is recommended that the taxpayer, Gregg E. Chase, be ordered to obey the summonses and that he be ordered to appear on January 22, 2009 at 11:00 a.m. at 80 Daniel Street, Portsmouth, New Hampshire, before J.L. Shing, to give testimony and produce all books and records in his possession or control required and called for by the terms of the summonses of May 7, 2008.

It is further recommended that the government be awarded its costs.

Any objections to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

```
                          _____
                          James R. Muirhead
                          United States Magistrate Judge

Date: December 2, 2008

cc:     Gregg E. Chase, pro se
        Seth R. Aframe, Esq.
```